# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3637 | **DATE** | 6/25/2013 |
| **CASE TITLE** | Sean T. Wiley (#151086) vs. Perez, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's amended complaint [6] is accepted. The Clerk shall: (1) issue summonses for service of the amended complaint [6] on Defendants, (2) attach a Magistrate Judge Consent Form to the summonses for Defendants, and (3) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. The U.S. Marshal is appointed to serve the Defendants. Plaintiff's motion for attorney representation [3] is denied without prejudice.

■[For further details see text below.]

Docketing to mail notices.

# STATEMENT

     Plaintiff, Sean T. Wiley, a pretrial detainee at the Kane County Adult Detention Center, brings this *pro se* civil rights pursuant to 42 U.S.C. § 1983. Plaintiff was previously granted leave to proceed *in forma pauperis*, however, he was ordered to submit an amended complaint because the original complaint failed to state a claim. Plaintiff has submitted an amended complaint.

     Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

     Plaintiff alleges that on June 11, 2012, Sergeant Smith confined him to a restraint chair for a prolonged period of time for the purpose of punishing Plaintiff. Plaintiff alleges that Commander Hunger "signed off" on the use of the restraints. Sergeant Smith also denied Plaintiff's request to use the restroom and a shower after he was sprayed with pepper spray. Plaintiff was subsequently placed in a "dry cell" for two days that did not have running water, a toilet, or a bed. Plaintiff was then placed in segregation for 45 days on two different occasions during which time he was forced to lay on steel bunk for 16 hours a day because his mattress and bedding was removed from his cell on a daily basis. Plaintiff alleges that Sheriff Perez and Commander Hunger put the policies in place that prevented him from having his bedding while in segregation.

     Plaintiff may proceed on his claims summarized above against the named Defendants. Plaintiff also alleges that he did not receive proper medical care after being pepper-sprayed. However, Plaintiff does not make any allegations against the named Defendants for the alleged denial of medical care following the pepper spray and Sheriff Perez cannot be liable under a theory of *respondeat superior* (blanket supervisory liability). *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008).

     The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the U.S. Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former Kane County Adult Detention Center employee who can no longer be found at the work address provided by Plaintiff, the County of Kane shall furnish the U.S. Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the U.S. Marshal. Address information shall not be maintained in the court file, nor disclosed by the

| STATEMENT |
|---|

U.S. Marshal. The U.S. Marshal is authorized to send a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff also seeks attorney representation. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, No. 12-1182, --- F.3d ----, 2013 WL 2321349, at *3 (7th Cir. May 29, 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). If so, the court must examine "whether the difficulty of the case--factually and legally--exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 2013 WL 2321349 at *3 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

After considering the above factors, the court concludes that the solicitation of counsel is not warranted in this case. While Plaintiff indicates that he has attempted to retain private counsel, the amended complaint sets forth cognizable claims and Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff, whose submissions to date have been coherent and articulate, appears capable of litigating this matter. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for attorney representation is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.