IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEAN T. WILEY (09137-424), | ) |
| Plaintiff, | ) Case No: 13 C 3637 |
| v. | ) |
| | ) Judge Amy J. St. Eve |
| PATRICK PEREZ, et al., | ) |
| Defendants. | ) |

## ORDER

The Court denies Defendants' motion to dismiss [22]. Defendants' answer is to be filed on or before 11/22/13. Status hearing set for 1/7/14 is stricken and reset to 12/6/13 at 8:30 a.m. Defendants' counsel is directed to make arrangements for plaintiff, Sean Wiley, available to participate via telephone for the 12/6/13 status hearing and shall contact the courtroom deputy, 312/435-5879, by 12/5/13 with the phone contact information.

## STATEMENT

Plaintiff Sean T. Wiley, now a prisoner at the federal prison in Pekin, Illinois, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). It is well established that *pro se* complaints are to be liberally construed. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is

improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556. In addition, "a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses." *Independent Trust Corp. v. Stewart Info. Serv. Corp.,* 665 F.3d 930, 935 (7th Cir. 2012).

## BACKGROUND

Plaintiff alleges that in June 2012, while detained at the Kane County Adult Detention Center, he was confined in a restraint chair for several hours. While restrained in the chair, Plaintiff was denied the use of a restroom and a shower to wash previously-sprayed pepper spray from his face and skin. Plaintiff also alleges that he was placed in a cell with no running water, no toilet, and no bed. In addition, Plaintiff maintained that he was subsequently placed in segregation on two different occasions and forced to lay on steel bunk for sixteen hours a day.

## ANALYSIS

In their motion to dismiss, Defendants first argue that Plaintiff no longer has standing to bring this action because he sought only injunctive relief and is no longer housed at the detention center. Federal courts can only adjudicate "actual ongoing controversies." *See Honig v. Doe*, 484 U.S. 305, 317 (1988). To be justiciable, a live controversy must exist through all stages of review, not just when the action was initiated. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 598 (7th Cir. 2006). Thus, in a suit seeking only injunctive relief, once the threat of the act sought to be enjoined is no longer present, courts must dismiss the lawsuit as moot. *See Brown*, 442 F.3d at 598; *see also Maddox v. Love*, 655 F.3d 709, 717 (7th Cir. 2011) (a request for injunctive relief becomes moot should plaintiff no longer be subjected to the alleged unconstitutional condition). A suit is not moot, however, if the plaintiff also seeks monetary damages. *See Brown*, 442 F.3d at 596.

In the instant case, Plaintiff's amended complaint asks the Court to "look into, investigate, and help remedy the serious Constitutional infractions that's taking place and being denied. Not just by the regular citizens but by those who's sworn to up hold the laws of the land, and either by their prejudices, intolerance, or unprofessional conduct which are neither way is unacceptable and fundamentally inconsistent with logic of a maturing society." Construing Plaintiff's allegations in his favor, he is seeking injunctive relief regarding how detainees are treated by correctional staff and the conditions of confinement at the detention center. Because Plaintiff is no longer detained at the detention center, and there is no indication that he is likely to be detained at the detention center again, *see City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983), his requested injunctive relief is now moot. *See Brown*, 442 F.3d at 598; *Maddox*, 655 F.3d at 717.

While Plaintiff's complaint does not specify that he seeks monetary damages, in his response to Defendants' motion, he argues that he can receive monetary damages so his complaint should not be dismissed. While a plaintiff "may not amend his complaint in his response brief," *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreens Co.*, 631 F.3d 436, 448 (7th Cir. 2011), a plaintiff may add facts in a response brief "in order to defeat a motion to dismiss if the facts are consistent with the allegations of the complaint." *Help at*

*Home, Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752-53 (7th Cir. 2001). Plaintiff's request for monetary damages in his response brief is consistent with the allegations in his complaint. Plaintiff has alleged that correctional officers used unnecessary force while detaining him, denied him the ability to wash pepper spray from his face and body, and placed him in cell that had no running water, toilet, or bedding. If Plaintiff prevails on his claims he may be awarded monetary damages.

Furthermore, Plaintiff's requested relief that the court "remedy the serious Constitutional infractions" could be reasonably viewed as a request for monetary damages. *See Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013) (pro se complaints must be liberally construed); *see also* Fed. R. Civ. P. 54(c) ("Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."); *Kyle II v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999) (finding that plaintiff's request for $1 million in "monetary relief" could be reasonably viewed as including a request for punitive damages). Thus, Plaintiff's lawsuit is not moot in light of his transfer to a different prison.

Defendants also argue that Plaintiff failed to exhaust his administrative and that they are entitled to qualified immunity. These arguments are easily disposed of as Defendants failed support either argument. First, Defendants' exhaustion argument — which is an affirmative defense not normally considered at the motion to dismiss stage — consists of four paragraphs of statements of law regarding the need for detainees to exhaust their administrative remedies pursuant to the Prison Litigation Reform Act. *See Turley,* 729 F.3d at 650 ("Exhaustion is an affirmative defense, with the burden of proof on the defendants."). Defendants' entire legal discussion consists of one statement that Plaintiff failed to exhaust his administrative remedies for all his claims. Defendants do not maintain that administrative remedies were available to Plaintiff; what actions, if any, Plaintiff made in an attempt to exhaust his administrative remedies; and more importantly, what actions Defendants took to determine if Plaintiff had exhausted his administrative remedies. Accordingly, Defendants failed in their burden of demonstrating that Plaintiff did not exhaust his administrative remedies. *See id.*

As with their exhaustion argument, Defendants provide four paragraphs regarding the law related to qualified immunity. Defendants' entire argument as to qualified immunity is, again, one conclusory statement that the Defendants are entitled to qualified immunity because they did not violate any clearly established constitutional rights of Plaintiff. Defendants make no attempt to demonstrate that Plaintiff's allegations do not amount to a violation of a clearly established constitutional right nor any attempt to apply Plaintiff's allegations to the rules of law they set forth. *See Hess v. Kanoski & Assoc.,* 668 F.3d 446, 455 (7th Cir. 2012) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.") (citation omitted). This argument thus also fails.

**Dated:** November 1, 2013

**AMY J. ST. EVE**
**United States District Court Judge**